Filed 12/8/25  P. v. Olivarez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C102443 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2009-0006398, SF111555A) |
| v. | |
| GABRIEL ISIDORE OLIVAREZ, | |
| Defendant and Appellant. | |

Defendant Gabriel Isidore Olivarez appeals from the trial court's resentencing order under Penal Code section 1172.75.[1]  He argues that the trial court erred by failing to dismiss his prior prison term enhancements, and the People agree.  We agree with the parties and will modify the judgment to strike the prior prison term enhancements (§ 667.5, subd. (b)).

## FACTS

The details of the underlying convictions are not relevant to the disposition in this matter.  In 2009, Olivarez was charged via information with multiple counts, including

---

[1]      Undesignated statutory references are to the Penal Code.

1

murder (§ 187; count 1), attempted murder (§§ 664 & 187; count 2), and being a felon with a firearm (former § 12021, subd. (a)(1); count 3). The information also alleged several firearm enhancements as to counts 1 and 2 (§ 12022.53, subds. (a), (b), (c), (d)), a prior strike conviction under the former "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12), and two prior prison terms (§ 667.5, subd. (b)), based on Olivarez's convictions in 2006 for arson (§ 451) and for possession of a controlled substance (Health & Saf. Code, § 11377) and failure to appear (§ 1320, subd. (b)).

A jury convicted Olivarez of counts 1 through 3 and found true multiple firearm enhancements. In a bifurcated proceeding, the court found true the prior strike conviction and the prior prison term enhancements. The court sentenced Olivarez to an aggregate term of 118 years to life and stayed the sentence on the two prior prison term enhancements.

In 2024, Olivarez appeared for resentencing pursuant to section 1172.75. Olivarez asked the court to strike the one-year prior prison terms; strike, modify, or stay the firearm enhancements; and strike his prior strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. Among other things, Olivarez argued that Senate Bill No. 483 (2021-2022 Reg. Sess.) enacted section 1172.75, which retroactively invalidated section 667.5, subdivision (b) enhancements, even if execution of the enhancement was stayed, and thus the court should strike his prison priors.

In response, the People conceded that the two prior prison term enhancements should be stricken. However, the People opposed striking the prior strike conviction and the firearm enhancements.

In its resentencing order, the trial court recognized that Olivarez was entitled to be resentenced pursuant to section 1172.75 because it had found true a prior prison term enhancement under section 667.5, subdivision (b), even though that sentence was stayed. The court then noted that the jury had convicted Olivarez of murder, attempted murder, and felon with a firearm and found true multiple firearm enhancements, and that the court

2

had found true a prior strike conviction from 2006 and two prior prison term enhancements. The court further noted it originally imposed an aggregate sentence of 118 years to life and stayed the one-year sentences on the prior prison term enhancements.

The court then denied Olivarez's request to strike his prior conviction and his request to strike or reduce his firearm enhancements. The court resentenced Olivarez to an aggregate term of 114 years to life, changing the four-year term on count 3 from consecutive to concurrent. The court stated that all other orders would remain as ordered at Olivarez's original sentencing. The court did not strike the prior prison term enhancements. The amended abstract of judgment continues to list a prior prison term enhancement with a stayed sentence.

Olivarez timely appealed.

DISCUSSION

Olivarez argues, and the People concede, that the trial erred in failing to strike his prior prison term enhancements on resentencing. We agree.

Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) was enacted October 8, 2021. Effective January 1, 2022, the enactment added section 1171.1, later renumbered as section 1172.75, which provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).)

The statute also sets forth a recall and resentencing mechanism for individuals serving prison sentences that include a section 667.5, subdivision (b) enhancement, other than for a sexually violent offense. (§ 1172.75, subds. (b)-(e).) Under that procedure, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a). If the court

3

determines that the current judgment includes an enhancement described in [section 1172.75,] subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) This mechanism applies to enhancements regardless of whether they were stayed or executed. (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1068.)

Olivarez's one-year enhancements under section 667.5, subdivision (b) were for convictions of arson (§ 451) and possession of a controlled substance (Health & Saf. Code, § 11377) and failure to appear (§ 1320, subd. (b)). Because none of these offenses are an enumerated sexually violent offense (Welf. & Inst. Code, § 6600, subd. (b)), Olivarez is entitled to have these prior prison term enhancements stricken.

## DISPOSITION

We modify the judgment to strike the two 1-year prior prison term enhancements (§ 667.5, subd. (b)). As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
EARL, P. J.

We concur:

/s/
HULL, J.

/s/
MAURO, J.

4